# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2596
Lower Tribunal No. 22CF001566AOS

_____

PAUL ALLEN DAVIS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Osceola County.
Keith A. Carsten, Judge.

September 5, 2025

WHITE, J.

Paul Allen Davis appeals the Judgment and Sentence entered after he was
found guilty of trafficking in 14 grams or more of methamphetamine. Davis argues
that the Judgment and Sentence improperly imposes "Drug Case Fines" of $350

pursuant to section 938.23, Florida Statutes (2021).[1] We agree.[2]

"In addition to any fine imposed . . . under chapter 893 . . . the court shall be authorized, *pursuant to the requirements of s. 938.21*, to impose an additional assessment in an amount up to the amount of the fine authorized for the offense." § 938.23(1), Fla. Stat. (2021) (emphasis added). "The court is authorized to order a defendant to pay an additional assessment *if it finds that the defendant has the ability to pay the fine and the additional assessment and will not be prevented thereby from being rehabilitated or from making restitution*." § 938.21, Fla. Stat. (2021) (emphasis added).

Here, the trial court did not make the finding required by section 938.21 that was necessary to impose an additional assessment pursuant to section 938.23. Therefore, the trial court erred by ordering Davis to pay "Drug Case Fines" of $350.

---

[1] This was in addition to the mandatory $50,000 trafficking fine, and mandatory $2,500 surcharge thereon, pursuant to section 893.135(1)(f)1.a., Florida Statutes (2021), and section 938.04, Florida Statutes (2021), respectively.

[2] Davis's timely rule 3.800(b)(2) motion requested that the trial court correct that error. That motion was deemed denied, however, because the trial court did not rule on it within 60 days. *See* Fla. R. Crim. P. 3.800(b)(2)(B). Although the trial court entered the Second Amended Judgment and Sentence (the "2d Am. J&S") to remove the "Drug Case Fines" of $350, the 2d Am. J&S is a nullity because it was entered more than 60 days after Davis filed his rule 3.800(b)(2) motion. *See Andrillon v. State*, 398 So. 3d 492, 493 (Fla. 6th DCA 2024).

For the foregoing reasons, we reverse the improperly imposed "Drug Case Fines" of $350. On remand, the trial court shall enter a corrected Judgment and Sentence removing the "Drug Case Fines" of $350. Davis's presence is not required for that ministerial correction. *See Andrillon*, 398 So. 3d at 493. Otherwise, we affirm the judgment and sentence without further discussion.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

MIZE and GANNAM, JJ., concur.


Blair Allen, Public Defender, and Lisa Martin, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, Rebecca Rock McGuigan, Bureau Chief, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED